# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JARED STOCK,

       Plaintiff,

      v.                                                     Civil No.12-00008 WJ/LFG

THE TRAVELERS INDEMNITY COMPANY
and ST. PAUL FIRE & MARINE INSURANCE
COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STAY CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
## and
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

THIS MATTER comes before the Court upon Defendants' Motion to Stay Consideration of Plaintiff's Motion for Summary Judgment, filed April 16, 2012 **(Doc. 21)** and Plaintiff's Motion for Summary Judgment, filed March 19, 2012 **(Doc. 14)**. Having considered the parties' briefs and the applicable law, I find that Defendants' motion is well-taken and is granted, and as a result, Plaintiff's motion for summary judgment is denied without prejudice.

### BACKGROUND[1]

Plaintiff Jared Stock is a police officer. On February 17, 2011, he was in pursuit of Thuhang Ho, who was fleeing from the Farmington police. The police were pursuing Ms. Ho after police had attempted to arrest her for vandalizing vehicles in the Wal-Mart parking lot in

---

[1] Some of the facts are taken from the parties' Joint Status Report (Doc. 12), which adequately set out the parties' positions.

Farmington, New Mexico.  Plaintiff Stock was injured in the line of duty.  He was outside his police vehicle, placing tire spikes on the road to assist in apprehending Ms. Ho, when Ms. Ho attempted to strike Plaintiff with her vehicle, made contact with Plaintiff's vehicle, and caused him to be pinned beneath it.  As a result of Ms. Ho's conduct, Plaintiff was seriously and permanently injured, requiring medical treatment, including but not limited to multiple surgeries and rehabilitation.  He has not been able to return to his prior employment.  The complaint asserts claims for Uninsured Motorist Benefits, Breach of Contract, Declaratory Judgment, Breach of Fiduciary Duties, Insurance Bad Faith, Unfair Claims Practices, and Unfair Trade Practices.

Some background is necessary here, in particular, the history of the various insurance policies issued by Defendants to the City of Farmington ("City").  Ms. Ho was insured under a policy with Farmers Insurance Group, but was not sufficiently insured to compensate Plaintiff for damages arising as a result of her actions.  Plaintiff requested from Defendants ("Travelers") written approval of settlement with Ms. Ho for $30,000.00 that was available under her policy. Travelers informed Plaintiff's attorneys that the City had a $500,000 Self-Insured Retention endorsement ("SIR") and that the City would be handling Plaintiff's claim.  Plaintiff asked the City of Farmington ("City") whether there was uninsured/underinsured (hereinafter "UM/UIM") motorist insurance relating to the February 17, 2011 incident.  The City responded by providing Plaintiff with a copy of the applicable policy, and denied Plaintiff's claim under any of the City's auto coverage.  Ultimately, Travelers consented to accept settlement with Farmers Insurance for payment of the $30,000.00 policy limits under Ms. Ho's liability insurance policy in October 2011.

A.	Self-Insured Retention ("SIR")

Defendants give no explanation of what a SIR is, or how it works, within the insurance context, other than a short discussion on the history of SIR's in policies issued to the City.  *See* Doc. 20 at 2.   However, the Court's own research has led to an answer:

> A "self-insured retention" (or "SIR") is an insurance arrangement whereby the insured takes all responsibility for dealing with claims up to a certain amount of loss.  This includes adjusting the claim, either itself as the insurer or through a third-party claims administrator, defending itself against the claim, and, if necessary, paying it.  Thus, as the term would suggest, the insured effectively self-insures up to the limit of the risk it has chosen to retain.

Vol 3,   Jeffrey E. Thomas, New Appleman on Insurance Law Library Edition §16.09(3)(b) (LexisNexis). While a SIR appears to be synonymous with a "deductible," there are differences. In a deductible arrangement, the insurer "is primarily responsible from the loss starting from its first dollar, though entitled to reimbursement from the insured. . . ."  *Id*.  This means that, in a SIR arrangement, the insured pays the SIR directly to the claimant, rather than the insured reimbursing the deductible to the insurer after the insurer has paid in full on the claim.  Unlike a deductible-type policy, a self-insured retention "does not constitute 'other insurance' for purposes of an 'other insurance' clause in the absence of specific policy language to the contrary."  *Id*.

B.     Policies Between Travelers and the City

The City had entered into a series of insurance contracts with Travelers for various types of insurance coverage, assisted by a third-party named AON which served as the City's insurance broker over the years. When the policy was renewed in  November 2010, Travelers prepared policy documents with a new set of forms.  Due to an oversight in preparation of the forms, the documents initially transmitted to the City from Travelers for this coverage did not include the SIR endorsement corresponding to UM/UIM motorist coverage.  The policy's self-

insured retentions specifically referred only auto *liability* coverage, and not UM/UIM coverage. Following Officer Stock's incident, the mistake was discovered and the endorsement was promptly transmitted to the City.

Plaintiff contends that the SIR does not apply to his incident because the plain language of the Travelers' policy in effect at the time of the incident did not include a SIR for UM/UIM motorist coverage. Plaintiff's position is that the SIR was issued after the automobile incident giving rise to his claim.

Defendants argue that the omission of the SIR endorsement in the policy renewal papers was a clerical oversight and that, when Officer Stock's incident occurred, it was the intent of all the parties (including the City) to renew the coverage as had been previously been done based on the course of dealing between the parties—with the $500,000 SIR applicable to UM/UIM motorist coverage. Defendants also point out that, consistent with their contention that the SIR for UM/UIM coverage was the intent of the parties, the City has never objected or otherwise disputed the applicability of the corrected endorsement for the SIR.

Defendants contend that, to the extent the incident falls within coverage under UM/UIM policy (a matter which is disputed, and which Defendants claim is the threshold question), Plaintiff's initial claims lie with the City under the $500,000 SIR. Herein lies the reason for Plaintiff's lawsuit. Since Plaintiff has received workers' compensation benefits from the City (under a $500,000 SIR corresponding to a workers' compensation policy issued by another insurer), Plaintiff is barred by the exclusivity provision of the New Mexico Workers' Compensation Act ("Act"), which does not allow him to obtain a double recovery from the City under the Act and the City's Self-Insured Retention in connection with UM/UIM benefits. *See*

NMSA 1978 52-5-17(C);[2] *see Montoya v. AKAL Sec., Inc*., 114 N.M. 354 (1992) (purposes of statute prohibiting worker from both recovering damages for injury from third party and receiving workers' compensation benefits from employer are to prohibit double recovery and to protect employer's right to reimbursement from proceeds of third-party action).  Travelers acknowledges, however, that if the incident is in fact covered under the City's automobile policy provisions, the policy may afford Plaintiff indemnity benefits for damages in excess of the $500,000 SIR.

## DISCUSSION

The preceding factual background is relevant to the issue which requires the Court's immediate attention.  In their motion to stay, Defendants claim that consideration of Plaintiff's summary judgment motion is premature because (1) coverage has not yet been determined and (2) there are factual issues surrounding whether the SIR applies in this case.  Since discovery is just beginning, these issues are just beginning to be fleshed out by the parties, and this information necessary to develop and present to the Court before the Court can adequately address any dispositive motions.

**I.     Legal Standard under Fed.R.Civ.P. 56(d)**

Rule 56(d) states as follows:  If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may: (1)

---

[2]   That provision specifically provides that:
The worker or his legal representative may retain any compensation due under the uninsured motorist coverage [under the Workers' Compensation Act] if the worker paid the premium for that coverage. If the employer paid the premium, the worker or his legal representative may not retain any compensation due under [the Workers' Compensation Act], and that amount shall be due to the employer.
N. M. S. A. 1978, § 52-5-17(C).

defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.  Fed. R. Civ. P. 56(D).  Granting relief under Rule 56(d) rests within the trial court's discretion. *Valley Forge Insurance Company v. Health Care Managed Partners Ltd.,* 616 F.3d 1086, 1096 (10th Cir. 2010). A party seeking to defer a ruling on summary judgment under this provision must provide an affidavit "explaining why facts precluding summary judgment cannot be presented." *Id.* (citations and quotations omitted). This includes identifying (1) "the probable facts not available," (2) "why those facts cannot be presented currently," (3) "what steps have been taken to obtain those facts," and (4) "how additional time will enable the party to obtain those facts and rebut the motion for summary judgment." *Id.*

Summary judgment should not be granted "where the non-movant party has not had the opportunity to discovery information that is essential to his opposition." *Anderson v. Liberty Lobby,* 477 U.S. 242, 250 N.5 (1986). Furthermore, the Rule 56(D) procedure should be treated liberally, unless dilatory or lacking in merit. *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir. 1992).

**II.     Analysis**

The Court first dispenses with Plaintiff's contention that Defendants failed to comply with D.N.M.LR-Civ.7.1 in seeking concurrence for the motion for a stay.  Defendants' motion for stay is essentially the same as their response to Plaintiff's motion for summary judgment, for which Plaintiff sought concurrence under the local rule. The Court agrees with Defendants that Defendants' motion for stay is an adjunct to their response under Rule 56(d).  Thus, Plaintiff's request for denial of Defendants' motion on this ground is denied.

A.     <u>Pending Factual Issues</u>

Plaintiff argues that the only real issue to be decided in this case is whether Defendants' denial of Plaintiff's claim based on Defendants' UM/UIM motorist SIR is invalid and illegal as a matter of law, and that this can be decided as a matter of law without further ado or discovery. Plaintiff urges the Court to rule that the SIR is invalid based on New Mexico's public policy on UM/UIM motorist coverage.  *See* Doc. 28 at 3.  Plaintiff is correct that New Mexico's Mandatory Financial Responsibility Act ("MFRA") reflects a strong public policy to make uninsured motorist coverage of part of every automobile liability insurance policy issued in this state.  NMSA § 66-5-301(A).[3]   However, as Defendants note, the MFRA contains exceptions, one of which is that police vehicles are exempt from compliance with that statute because the vehicles are owned by a political subdivision of the state.  *See* NMSA 1978 § 66-5-207(A); *see also Romero v. Board of County Com'rs of County of Taos*, 150 N.M. 59, 257 P.3d 404 (N.M.App. 2011) ((holding that UM/UM/UIM statute did not require multi-county association to provide UM/UM/UIM coverage to its self-insuring members).

Thus, in asking the Court to rule at this point that the SIR in question is invalid, Plaintiff would have the Court disregard all applicable law on the issue, as well as any relevant facts which may be in dispute.  It is not at all clear, as Plaintiff contends, that a SIR for UM/UIM automobile coverage is against public policy in New Mexico.  In fact, whatever evidence is currently available from the record goes against Plaintiff's position.

In addition to the legality of the SIR, other factual issues exist.  It is undisputed that the SIR was not included in the policy that was renewed in November 2010, and which was in effect

---

[3] New Mexico's administrative code adopts the same policy with respect to self-insurance and UM/UIM.  *See* NMAC 13.12.4.8 (stating that a motor vehicle owner may self-insure "only its own liability," but that self-insurance "does not include uninsured or underinsured motorists coverage").

at the time of Plaintiff's accident in February of 2011.  However, whether the SIR can be considered part of the policy in effect at the time of Plaintiff's accident depends on the resolution of factual issues relating to the prior course of dealing between the parties on the matter of previous automobile insurance policies, the intent of the parties for the policy at issue to include the SIR, and the City's reaction or lack thereof to the change endorsement.

There is another matter to consider: the issue of coverage.  The Court agrees with Defendants that this must be determined even before the question related to the legality of the SIR.  If Plaintiff's accident is not covered under the policy, the validity of the self-insured retention becomes a moot point because there would be no claim under the policy.  Under the terms of the policy, an "insured" is someone who is "occupying" a covered vehicle.  *See* Mot. for Sum. J., Doc. 14 at 4.  The term "occupying," in turn, is defined as "in, upon, getting in, on, or off" the involved motor vehicle.  *Id*.  Defendants are not ready to concede that Plaintiff was engaged in any of the activities that would suffice to show that he was "occupying" the vehicle as defined under the policy.  No such evidentiary basis has been presented in any of the pending motions, and Defendants claim that they have not been permitted an opportunity in discovery to ascertain any of these facts.[4]

Plaintiff contends that the coverage issue is simply a maneuver by Defendants delay the litigation, and as a cover for the fact that Defendants failed to conduct even a minimal investigation of the accident.  Such an investigation, Plaintiff insists, would have made it obvious that Plaintiff was "occupying" his vehicle as defined under the policy.  One of the police reports submitted by Plaintiff describes the incident upon the officer's arrival at the scene:

---

[4] Under the current scheduling order, discovery is ongoing until July 13, 2012.  Doc. 15.

> The vehicle went upon the median, accelerated, and went straight for [Plaintiff] Stock. The front of the vehicle struck Stock as he was trying to jump out of the way. Stock rolled towards the right rear of his car as the suspect vehicle struck his car…. I observed [Plaintiff] Stock was in grave pain. His right arm was pinned under the right rear tire, his eyes were rolled back, and he was having a seizure…. [Plaintiff] Stocks [sic] car was still on top of his arm and his car was damaged so much we could not move it on its own. Officer Worrell then used his car and pushed [Plaintiff] Stocks [sic] car back enough to release his arm. [Plaintiff] Stock was still unresponsive at this point.

Doc. 28-1. Plaintiff argues that Defendants attempts to further delay and postpone the relief to which he is entitled is indicative of Defendants' bad faith in handling his claim. Litigating whether coverage exists does not necessarily indicate bad faith on the part of an insurer. Moreover, if there is any merit to Plaintiff's claim that Travelers' failed to conduct the required minimal investigation of the accident, facts underlying such a claim would also need to be factually developed before the Court can accept Plaintiff's allegations as a matter of law.

Plaintiff's summary judgment seeks a ruling that self-insurance is not applicable to UM/UIM motorist coverage in New Mexico. It should be evident from foregoing discussion that, even at this point, such a proposition rests on shaky ground. The Court agrees with Defendants that it is premature to consider Plaintiff's summary judgment motion without a more fully developed record on issues which are relevant to, and may be dispositive of, the question on which Plaintiff seeks a ruling.

B.   Defendants' Compliance with Rule 56(d)

The only remaining question is whether Defendants have complied with the requirements of Rule 56(d) in seeking a stay while proceeding with further discovery. The Court finds that Defendants have done so. I have already determined that additional factual development is necessary on the relevant issues in this case. Many of these facts are not within Traveler's own knowledge, such as: the course of dealing between the City, AON (the insurance broker) and

Travelers over several years leading up to the issuance of the policy at issue; facts related to the issuance of the policy that did not include the SIR; and facts relating to the City's interaction with Plaintiff and its representations to him in negotiations concerning the coverage of his incident.

Rule 56(d) also requires Defendants to explain why these facts cannot be presented currently. As Defendants have adequately explained, discovery is ongoing, but is still in its early stages. They state that they have not had an opportunity to propound any written discovery to Plaintiff, nor have they deposed him or anyone else in this case. Doc. 21 at 10. In their motion for stay, Defendants have complied with the remainder of the requirements under Rule 56(d). They explain that they have taken steps to obtain some information directly from Plaintiff and the City, and have only recently received Plaintiff's initial disclosures but have not actually received evidence from the Plaintiff. Defendants state that they were in the process of propounding written discovery when Plaintiff filed the motion for summary judgment. Defendants have provided adequate reason for the Court to find that additional time is necessary, and will enable Defendants to obtain facts necessary to respond to Plaintiff's summary judgment motion.

## CONCLUSION

In sum, I find and conclude that the Court's consideration of Plaintiff's summary motion is premature, and that factual development through further discovery is appropriate on the relevant issues in this case. I also find and conclude that Defendants have provided adequate reason for the Court to find that additional time will enable Defendants to obtain facts necessary to respond to Plaintiff's summary judgment motion.

Further, the Court will stay its consideration of Plaintiff's motion for summary judgment

by denying Plaintiff's motion *without prejudice*, subject to re-filing. The Court finds this preferable to having parties supplement the existing pleadings at the end of discovery, and thereby resulting in piecemeal filings for a single motion.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Stay Consideration of Plaintiff's Motion for Summary Judgment **(Doc. 21)** is GRANTED as described above, by DENYING Plaintiff's motion for summary judgment WITHOUT PREJUDICE, subject to re-filing when discovery has been completed;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **(Doc. 14)** is hereby DENIED WITHOUT PREJUDICE for reasons described in the above Memorandum Opinion and Order.

_____
UNITED STATES DISTRICT JUDGE